# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| HENRY JAMES HOLMES, <br><br> Petitioner, <br><br> v. <br><br> PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Respondent. | No. ED CV 19-00884-DOC (DFM) <br><br> ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF JURISDICTION |

## I. BACKGROUND

On May 10, 2019, Petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). The Petition seeks relief from the conviction arising out of Petitioner's 2000 guilty plea in Riverside County Superior Court to one count of assault with intent to commit rape. Id. at 2.

Petitioner has made numerous attempts at obtaining habeas corpus relief from his 2000 guilty plea. His first two petitions, filed in 2002 and 2003, were dismissed without prejudice for failure to exhaust state remedies. See Notice of Filing Report & Recommendation, Holmes v. Adams, No. 02-484 (C.D. Cal. July 24, 2002), Dkt. 5; Order Adopting Report & Recommendation, id., (C.D. Cal. Sept. 12, 2002), Dkt. 14; Notice of Filing Report & Recommendation, Holmes v. Riverside Superior, No. 03-922 (C.D. Cal. Feb. 5, 2004), Dkt. 26;

Order Adopting Report & Recommendation, id., (C.D. Cal. Mar. 10, 2004), Dkt. 35. In 2004, Petitioner filed another petition for writ of habeas corpus, which was denied on the merits. See Notice of Filing Report & Recommendation, Holmes v. Huston, No. 04-370 (C.D. Cal. Sept. 29, 2004), Dkt. 20; Order Adopting Report & Recommendation, id. (Nov. 04, 2004), Dkt. 26.

In 2016, Petitioner filed another petition for writ of habeas corpus, which this Court dismissed for lack of jurisdiction because it was successive and because Petitioner did not satisfy the "in custody" requirement of 28 U.S.C. § 2254. See Order Summarily Dismissing Petition, Holmes v. State of California, No. 16-1474 (C.D. Cal. Aug. 30, 2016), Dkt. 5. In 2016 and 2018, Petitioner filed two more petitions for writ of habeas corpus, which this Court dismissed for lack of jurisdiction because they were successive petitions. See Order Summarily Dismissing Petition, Holmes v. State of California, No. 16-2260 (C.D. Cal. June 26, 2017), Dkt. 4; Order Summarily Dismissing Petition, Holmes v. State of California, No. 18-1734 (C.D. Cal. Oct. 15, 2018), Dkt. 5.

## II. DISCUSSION

### A. This Court Lacks Jurisdiction Because the Petition Is Successive

As the Court has repeatedly informed Petitioner, it may not entertain a second or successive habeas petition unless Petitioner obtains leave from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b) reads, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244 (b)(1)-(3); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts. In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits thereto that the petition is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.

Petitioner disclosed the above-mentioned federal petitions in the instant Petition. It is, therefore, clear from the face of the Petition that the present Petition is a successive petition attacking the same conviction and sentence in Riverside County Superior Court. In 2016, Petitioner sought permission from the Ninth Circuit Court of Appeals to file a successive petition; the court denied Petitioner's application without prejudice. See Order, Holmes v. State of California, No. 16-73307 (9th Cir. June 30, 2017), Dkt. 13. In both 2017 and 2018, Petitioner again sought permission from the Ninth Circuit Court of

Appeals to file a successive petition; the court declined to consider either of these applications because Plaintiff was no longer in custody. See Order, Holmes v. Davey, No. 17-72092 (9th Cir. Mar. 16. 2018), Dkt. 2; Order, Holmes v. Davey, No. 18-72872 (9th Cir. Apr. 22, 2019), Dkt. 7.

This Court does not have jurisdiction to consider a second or successive petition absent authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation and quotation marks omitted)). Accordingly, the Court will dismiss this Petition without prejudice to its refiling at such time as Petitioner obtains permission to file a successive petition.[1]

**B.    This Court Lacks Jurisdiction Because Petitioner Is Not "In Custody"**

Relief under 28 U.S.C. § 2254 is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). This Court's authority to grant habeas relief under § 2254 is limited. See Felker v. Turpin, 518 U.S. 651, 662 (1996). By the face of the Petition, Petitioner was released in 2002 and completed his three-year term of parole. See Petition at 2. Petitioner appears to maintain that the requirements imposed upon him by sex offender registration satisfy the custody requirement. As this Court and the Ninth Circuit have repeatedly stated, Petitioner is wrong.

It is well-established that sex offender registration does not meet the

---

[1] If Petitioner obtains permission to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action nor should he use this case number from this action because the instant action will be closed today. If and when Petitioner files a new petition, the Clerk will give the petition a new case number.

requirements of custody for purposes of federal habeas relief. California's sex offender registration requirement does not "constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief," but is "merely a collateral consequence of conviction." Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999); see also Williamson v. Gregoire, 151 F.3d 1180, 1183-85 (9th Cir. 1998) (same holding under Washington's sex offender registration law). As a collateral consequence, sex offender registration is not a restraint on Petitioner's physical liberty. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 492 (1989).

## III. ORDER

Based on the foregoing, IT THEREFORE IS ORDERED that judgment be entered summarily dismissing the Petition without prejudice for lack of subject matter jurisdiction.

Dated: June 10, 2019

_____
DAVID O. CARTER
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge